**Zoltan GOLDENBERG et al., Plaintiffs,**

v.

**KIRSTEIN LEATHER COMPANY, Defendant.**

**Civ. A. No. 62-62-C.**

United States District Court
D. Massachusetts.

Oct. 24, 1962.

Melvin Pierce, Joseph E. Lepie, Boston, Mass., for plaintiffs.

Charles J. Goldman, Martin C. Goldman, Lynn, Mass., Vernon C. Stoneman, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action brought against the defendant, Kirstein Leather Company, by six former employees thereof who seek to recover unpaid overtime compensation alleged to be due them pursuant to the provisions of Section 16(b), Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as amended.

The defendant has filed a motion for summary judgment, based primarily on the grounds (1) that as a matter of law all of the plaintiffs were employed as executives and, therefore, defendant was exempted from the obligation to pay them overtime, by reason of the provisions of 29 U.S.C.A. § 213(a) (1); and (2) that even if plaintiffs were not exempt under Section 213(a) (1), their answers to defendant's interrogatories establish that

**704**

they are unable to prove one of the essential elements of their claim, namely, the exact days and hours when the alleged overtime work was performed.

■ Neither of defendant's contentions is well taken. The first must fail because of a conflict between the affidavits filed by the defendant and the answers of some of the plaintiffs to defendant's interrogatories 8(a) and 8(b), which conflict results in the existence of an issue of material fact with regard to whether or not any plaintiff is an exempt employee under the regulation promulgated by the Secretary pursuant to the Act, 29 C.F.R. 541.1, 1962 Supp. 541.1, 29 U.S.C.A., Appendix, § 541.1.

■ With regard to the question of exactness of records of overtime work available to the plaintiffs, the legal burden to maintain these records of employees' overtime is placed by the statute upon the employer, not upon the employee. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–688, 66 S.Ct. 1187, 90 L.Ed. 1515 (1945). See, also, Marchant v. Sands Taylor & Wood Co., 75 F.Supp. 783, 787 (D.Mass.1948); Freeman v. Blake Co., 84 F.Supp. 700, 703 (D.Mass.1949); Mitchell v. Sulahian, d/b/a Novelty Stitching Co., 189 F. Supp. 679 (D.Mass.1960).

The other grounds asserted in support of the motion are without merit.

Since the present record of this case indicates there remain issues of material fact between the parties, the motion for summary judgment must be and hereby is denied.