### W. C. KELLY, III

v.

### ADROIT, INC.

Civ. No. 3–79–219.

United States District Court, E. D. Tennessee, N. D.

Aug. 23, 1979.

Donald K. Vowell, Knoxville, Tenn., for plaintiff.

Wayne R. Kramer, Erma G. Greenwood, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is a claim for overtime wages under the wage and hour provisions of the Fair Labor Standards Act. After a trial without a jury, this Court delivered an opinion from the bench in which we asked both parties to submit supplemental briefs on two issues: to wit, (1) whether plaintiff was an executive exempt from the wage and hour law, and (2) whether plaintiff has adequately proved the overtime hours claimed. These supplemental briefs have now been filed.

In the previous opinion of this Court, we found plaintiff worked for defendant as second shift foreman. As such, plaintiff exercised management duties and fulfilled management responsibilities. In addition, it was found that plaintiff's salary was commensurate with that of defendant's other management personnel.

The Court now finds that plaintiff was an executive employee of defendant and is not, therefore, entitled to overtime compensation. An employee employed in a bona fide executive capacity is exempt from the wage and hour provisions of the Fair Labor Standards Act. 29 U.S.C. § 213(a)(1). The Labor Department's regulations define an executive employee partially as follows:

> An employee who is compensated on a salary basis at a rate of not less than $250.00 per week . . . and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein . . . .
> 29 C.F.R. § 541.1(f).

It is not questioned that plaintiff earned more than $250.00 per week; was in charge of a recognized department or subdivision of his employer, namely the second shift; and supervised the work of two or more employees. The only question under this regulation was whether plaintiff's *primary duty* consisted of the management of the second shift.

29 C.F.R. § 541.103 lists several factors to be considered in determining a wage and hour claimant's primary duty, including time spent in performance of managerial duties; the comparative importance of the managerial duties to the non-managerial work; the frequency of exercise of discretionary powers; the claimant's relative freedom from supervision; and the relationship between the claimant's salary and the wages paid other employees for the kind of non-exempt work performed by the claimant. The regulations do not make any one of these factors determinative of primary duty.

In this case, the evidence as to the time spent in managerial duties is conflicting. However, the evidence shows that the top management of defendant considered plaintiff's managerial role paramount to his non-managerial work; that plaintiff's daily duties went beyond mere instructing and supervising subordinates but included hiring, firing, and evaluating the production personnel he was often working beside; that plaintiff himself had no on-the-job supervision and had wide discretionary powers regarding personnel and hours worked; and finally that plaintiff's salary was in line with managerial salaries paid by defendant and well above the regular 40-hour weekly salaries received by the hourly employees. Indeed, if plaintiff's overtime claims were granted, defendants contend, with some support, that plaintiff would be the highest paid employee of defendant during the period in question.

The Court finds, therefore, that the factors listed in 29 C.F.R. § 541.103, when

applied to plaintiff, either weigh toward management as plaintiff's primary duty, or else are inconclusive.

Another factor weighing significantly on the Court's mind is the fact that plaintiff at no time during his employment with defendant questioned defendant's policy of not paying him overtime. The fact plaintiff, unlike the hourly employees, did not punch a time clock suggests neither defendant nor plaintiff were concerned about plaintiff's claimed overtime during the period plaintiff was working as second shift foreman. It was not until plaintiff was fired by defendant, and plaintiff's father left defendant, that plaintiff became concerned about overtime. This leads to a reasonable inference that plaintiff himself did not think he was entitled to overtime pay while he was working for defendant.

Taking all these factors into consideration, the Court finds that plaintiff's primary duty as second shift foreman was management of the second shift. Thus, the Court finds plaintiff was an executive exempt from the wage and hour requirements of the law.

Accordingly, it is ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.