**Thomas J. COX,**

v.

**PENN STATE CONTAINER CORP., a Pennsylvania Corporation.**

**Civ. A. No. 79–3227.**

United States District Court,
E. D. Pennsylvania.

July 25, 1980.

C. V. Russell, Lancaster, Pa., for plaintiff.

J. H. Geisberger, Jr., Lancaster, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ Whether plaintiff acted as an executive employee while employed by defendant (and therefore exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 213(a)(1)) lies at the heart of defendant's present motion for summary judgment. *See generally Marshall v. Western Union Telegraph Co.,* 621 F.2d 1246 (3d Cir. 1980). Although the Act generally prescribes that employees be compensated for any time worked beyond forty hours in any workweek "at a rate not less than one and one half time the regular rate at which he is employed", 29 U.S.C. § 207(a)(1), the Act exempts from this requirement "any employees employed in a bona fide executive, administrative, or professional capacity". 29 U.S.C. § 213(a)(1). An executive employee is one

> who is compensated on a salary basis at a rate of not less than $250 per week . . . and whose *primary* duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein.

29 C.F.R. § 541.1(f) (emphasis added). The parties agree that plaintiff earned more than the minimum pay and that he regularly directed the work of at least two other employees. Instead the parties dispute whether plaintiff's *primary* duty consisted of managerial work, which federal regulations define to include

> [i]nterviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes to their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

29 C.F.R. § 541.102(b). No one factor is determinative, *Kelly v. Adroit, Inc.,* 480 F.Supp. 392 (E.D.Tenn.1979), but defendant, the employer, has the burden of proof in establishing facts requisite to exceptions, *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966), *Walling v. General Industries Co.,* 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088 (1947), which are "narrowly construed". *Mitchell v. Kentucky Finance Co.,* 359 U.S. 290, 295, 79 S.Ct. 756, 759, 3 L.Ed.2d 815 (1959), *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).

From the affidavit of defendant's president and plaintiff's deposition defendant adduced the following facts: Plaintiff, who began employment with defendant in Feb-

ruary 1973 as a press operator, punched a time clock, belonged to the union and received an hourly wage. In May 1974 defendant promoted plaintiff to the position of foreman in the Press Department, where he remained until his termination in April 1979. After the promotion, plaintiff no longer punched a time clock or belonged to the union. Defendant kept no record of his or any other supervisor's hours of employment. Plaintiff attended supervisors' meetings, during which production and work schedules were discussed, and plaintiff's pay, now a salary, increased substantially. Defendant further described plaintiff's duties and responsibilities to include monitoring the proper operation of all machinery, informing employees under him of the work schedule, coordinating work schedules with and checking orders and requirements of other departments, checking the quality of work and conformity to specifications, making sure orders were ready to be run and that sufficient supplies to run them were on hand, writing production reports, soliciting grievances from workers and evaluating work of employees within the department.

Plaintiff, on the other hand, denied writing production reports, soliciting grievances from workers or *regularly* evaluating personnel who worked under him. Plaintiff disclaimed authority to hire and fire employees. He never interviewed or selected employees, set or adjusted employees' rates of pay or hours of work or maintained production records for use in supervision or control. Plaintiff did, however, regularly operate machinery, set up dies and presses and assist other workers in performing manual labor.

■ True, the fact that plaintiff spent substantial time doing nonmanagerial work does not automatically characterize him as non-executive. *See* 29 C.F.R. § 541.103 and *Marshall v. Western Union Telegraph Co.,* *supra.* But the conflict between the affidavits filed by the parties results in a genuine issue of material fact which precludes the grant of summary judgment. *See particularly Goldenberg v. Kirstein Leather Co.,*

209 F.Supp. 703 (D.Mass.1962) *and generally* Fed.R.Civ.P. 56(c). See also *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) and *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Whether plaintiff performed sufficient work to place him within the exemption of the Act will be a question of fact to be determined at time of trial. Accordingly, defendant's motion for summary judgment will be denied.